E-FILED
Wednesday, 21 October, 2026 01:54:54 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHET SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-1182 |
| | ) | |
| LATOYA HUGHES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Danville Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that several state court civil lawsuits he had filed were dismissed because prison officials failed to facilitate his appearance at court hearings either in person or via video. He alleges also that prison officials delayed or obstructed his ability to send and receive legal mail. He alleges that the prison officials he named as defendants had knowledge of the issues via

the grievance process.

Plaintiff alleges that, on March 27, 2026, Defendant Thrush took him to segregation, searched his cell, and attempted to interview him. He alleges prison officials issued a fabricated disciplinary ticket and failed to obtain his signature on the notice form.

Plaintiff alleges that prison officials have retaliated against him by not providing him with a tablet to review legal work. He alleges that in early April 2026 prison officials failed to give him notice of attorney calls and depositions. Plaintiff alleges that his inhalers have been taken from him, that his bed mat is "in bad shape," prison officials refused to house him in a cell where he could sleep in the bottom bunk, and denied access to phone and envelopes, among other things.

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R. Civ. P. 20] if the addition of the party…will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Id.* (quotations omitted).

Plaintiff alleges three sets of claims: a First Amendment access-to-the-courts claim; a Fourteenth Amendment procedural due process claim; and a First Amendment retaliation claim.

The procedural due process and retaliation claims are alleged to have occurred shortly before Plaintiff filed this lawsuit, and he is unlikely to have been able to exhaust his administrative remedies prior to filing suit. These claims are also not factually related to Plaintiff's access-to-the-courts' claim, and, therefore, the Court finds that joinder of these claims is not appropriate. The Court will dismiss Plaintiff's procedural due process and retaliation claims without prejudice.

Regarding the access-to-the-courts' claim, the First Amendment requires officials "to assist [those confined] in the preparation and filing of meaningful legal papers by providing [confined individuals] with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a [confined individual's] rights; his right is to access *the courts,* and only if the defendants' conduct prejudices a potentially meritorious [legal claim] has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) (*Bounds* did not create "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

Plaintiff's allegations that some of his lawsuits were dismissed because prison officials failed to facilitate his appearance in court are sufficient to permit a plausible inference that he suffered the requisite legal detriment. The problem for Plaintiff is that "[s]ection 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff's allegations that the defendants he

named became aware of his missed court dates after the fact are not sufficient to show personal involvement. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (denial of administrative complaint after the fact does not cause or contribute to the violation).

The Court finds that Plaintiff states a First Amendment access-to-the-courts claim against unidentified prison officials (Doe defendants) in their individual capacities. The Court will add two John Doe defendants as placeholders and retain Defendant Jones as a defendant solely for purposes of identifying the officials who had notice of Plaintiff's court hearings and failed to facilitate his appearance. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555-56 (7th Cir. 1996) (Court may name high level administrators as defendants for purposes of identifying Doe defendants). Plaintiff must identify the Doe defendants at a later stage. There are no substantive claims pending against Defendant Jones at this time.

**Plaintiff's Motion for Class Certification (Doc. 3)**

Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23 that he defines as "all inmates that had false reports made against them and denied legal work and access to tablet while in segregation and C grade." (Doc. 3 at 1) (cleaned up).

The sole claim upon which the Court permitted Plaintiff to proceed does not involve the issues common among the class of inmates he defined. *See* Fed. R. Civ. P. 23(a)(2) (there must be common questions of law or fact among the class). Plaintiff is also not an attorney and has not shown how he would satisfy the adequacy of representation requirement in Fed. R. Civ. P. 23(a)(4); *Boyce v. Cox*, 170 F.4th 613, 618 (7th Cir. 2026). Plaintiff's motion is denied.

To the extent that Plaintiff requests appointment of counsel, Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been

effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's request is denied with leave to renew.

**Plaintiff's Motion for Leave to File Additional Exhibits (Doc. 6)**

Plaintiff's motion for leave to file additional exhibits apparently related to a failure to protect claim and a USB drive is denied. Exhibits are generally not filed with the Court.

**Plaintiff's Motion for Preliminary Injunction (Doc. 7)**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

"[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Absent such a relationship, a court lacks the authority to grant the injunctive relief requested. *Id.*

Plaintiff's motion alleges issues regarding his bed mat and lack of access to a telephone, both of which are part of the claims the Court dismissed as improperly joined above. Any injunctive relief Plaintiff seeks is not related to the access-to-the-courts claim upon which the Court permitted Plaintiff to proceed. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

**1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a First Amendment access-to-the-courts claim against unidentified prison officials (Doe defendants) in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2. Plaintiff's procedural due process and retaliation claims are dismissed without prejudice.**

**3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The**

**plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**4. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

**6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

**7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.**

**8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

**9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**12. The clerk is directed to add John Doe #1 and John Doe #2 as defendants.**

**13. The clerk is directed to terminate Thrush, Latoya Hughes, Miller, Kellie Dennis, Jessica Miller, Jason Ballard, Cathey Smith, Paige Long, and Albright as defendants.**

**14. The clerk is directed to attempt service on Chance Jones pursuant to the standard procedures.**

**15. Plaintiff's Motions [3][6][7] are DENIED.**

Entered this 21st day of October, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE